# JONES DAY

500 GRANT STREET, SUITE 4500 • PITTSBURGH, PENNSYLVANIA 15219.2514

TELEPHONE: +1.412.391.3939 • FACSIMILE: +1.412.394.7959

Direct Number: (412) 394-7930
pdlaun@JonesDay.com

JP780931/1284942
962919-005016

May 14, 2014

**VIA ECF FILING**

Hon. Kenneth M. Karas
United States District Court for the Southern District
  of New York (White Plains Division)
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

      Re:    Michael F. Consedine, Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator for Reliance Insurance Company v. PepsiCo, Inc., Civil Action No.: 14-CV-2238

Dear Judge Karas:

      We represent the defendant in the above-referenced action, PepsiCo. Pursuant to Rule II.A of this Court's practice rules, we write to arrange a pre-motion conference relating to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. By agreement of the parties, PepsiCo's response to the complaint is not due until May 22, 2014, so this request is timely.

      By its complaint, Reliance seeks collection of additional premium payments from PepsiCo. However, as set forth in detail below, it is PepsiCo's position that, under the language of the retrospective premium agreement ("Agreement") that provides the sole basis for Reliance's claim, Reliance cannot make a legally valid claim that PepsiCo or PFS[1] (collectively, "PepsiCo") owes Reliance additional payments.[2] Specifically, under the plain terms of the Agreement and documents Reliance has submitted to the Court, PepsiCo has paid the "maximum retrospective premium," as that term is used in the Agreement, and PepsiCo therefore is released from further liability under the Agreement.

---

[1] PFS was, at the time the Agreement was executed, a division of PepsiCo. It was divested in 1997.

[2] PepsiCo has a number of other defenses to this matter that will become evident through discovery. For example: (a) the Agreement is between Reliance and PFS, which was divested (and the acquiring company is insolvent); and (b) Reliance is attempting to collect from PepsiCo funds Reliance hasn't paid, never will pay, and cannot properly reserve for, while leaving PepsiCo exposed to paying amounts for the exact same claims to the Texas Insurance Guaranty Fund.

JONES DAY

Honorable Kenneth M. Karas
May 14, 2014
Page 2

Section VI of the Agreement ("Termination") states: "This Agreement will terminate . . . if the sum of all payments made by or on behalf of the Insured hereunder equals the maximum retrospective premium." Thus, if PFS or PepsiCo has paid to Reliance—through a combination of premiums and retrospective premium adjustments—an amount that equals the maximum retrospective premium as that term is used in the Agreement, the Agreement is terminated and no further premiums are due.

Section III.A. of the Agreement states that "the Insured will pay to the Company $4,000,000." There is no dispute that this amount (which is referred to in Section III.B. as the "minimum premium") was paid.

Section III.B. and Section III.C. of the Agreement explain how the maximum retrospective premium is calculated. There is no dispute about the mechanics of that calculation, which in this case was based on the gross payroll of PFS. (*See* Agreement, ¶ III.B.3.b. and Complaint, Exhibit 6.) Reliance and PepsiCo therefore should be in agreement about the amount of the maximum retrospective premium: Exhibit 6 to the Complaint, which was prepared by Reliance, states as follows: "$5,725,146 Maximum Retrospective Premium."[3]

As the Complaint and Reliance's exhibits establish, PepsiCo has made the following payments to Reliance: (a) the $4 million minimum premium (paid pursuant to Section III.A.); and (b) two retrospective premium payments of, respectively, $1,500,000 and $283,678. (*See* Complaint, ¶ 25 and Ex. 6.) The sum of these payments totals $5,783,678, which exceeds the maximum retrospective premium of $5,725,146 that is set out on Exhibit 6. Accordingly, the Agreement has terminated, since "the sum of all payments made by . . . the insured equals the maximum retrospective premium." (Agreement, Section VI.)

In sum, Reliance has no legally valid claim against PepsiCo and, if anything, PepsiCo is entitled to a refund of at least $56,532. Indeed, PepsiCo believes that, because the Agreement is with a divested division, it is not responsible for any additional premiums and may be entitled to an even larger refund.

---

[3] The terms "maximum retrospective premium" and "maximum retrospective premium adjustment" appear to be used interchangeably in the Agreement and the associated documentation. Neither term is specifically defined in the Agreement. To the extent the terms are ambiguous, they would be construed against Reliance as drafter under the *contra proferentem* rule, which is a bedrock principle of New York law, particularly in the insurance context.

JONES DAY

Honorable Kenneth M. Karas
May 14, 2014
Page 3

      We are available at the Court's convenience for an in-person or telephonic conference regarding this matter.

                                        Very truly yours,

                                        /s/  Peter D. Laun

                                        Peter D. Laun
                                        (*pro hac vice* admission pending)

                                        /s/  Lisa M. Cirando

                                        Lisa M. Cirando

cc:     Fran M. Jacobs, Esq. (via email and ECF)